Michael A. Strauss, SBN 246718
mike@strausslawyers.com
**STRAUSS & STRAUSS, APC**
226 W. Ojai Avenue #101-325
Ojai, CA  93023
Tel: 805.641.6600

Attorneys for Plaintiff David Barclay

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| DAVID BARCLAY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No:<br><br>**COMPLAINT;**<br><br>**JURY DEMAND** |

Plaintiff David Barclay hereby submits this Complaint against Defendants Amazon.com Services, LLC and Does 1 through 100 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States: Plaintiff is a citizen of the State of California and

Defendant Amazon Services, LLC ("Amazon") is a citizen of the State of Washington. Venue is proper under 28 U.S.C. § 1391(b)(2), because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

2. Plaintiff is a citizen of the State of California, and a resident of the County of Kern, City of Bakersfield.

3. Defendant Amazon.com Services, LLC is a Delaware limited liability company with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

4. Plaintiff does not know the true names or capacities of the Defendants sued as Does 1 through 100, inclusive, and by reason thereof sues these Defendants under such fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint to reflect the same. Plaintiff is informed and believes and based thereon alleges that such fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of said agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.

5. Plaintiff further alleges that Defendants and Does 71 through 100, inclusive, constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control. Plaintiff also alleges that the Defendants and Does 71 through 100, inclusive, were, at all times relevant hereto, the alter egos of each other, and/or the agents of each other. Whenever reference is made to Defendants, it is intended to include all of the named Defendants as well as the Roe Defendants. Each of the fictitiously named Roe Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

## GENERAL ALLEGATIONS

6. Defendant began working for Defendant Amazon as a Fulfillment Associate at its Bakersfield, California, fulfillment center on or about February 14, 2021. He worked in the

1299040 BFL1 USA FC Shipping Department under Manager Cody Despot. Plaintiff's employment ID was 109158452.

7. While employed by Defendant Amazon, Plaintiff developed a debilitating disability. Specifically, in June 2021, Plaintiff's physician diagnosed him with a variety of serious gastrointestinal problems, including irritable bowel syndrome, ulcerative colitis, and celiac disease, which together caused chronic fecal incontinence, i.e., sudden, uncontrollable bowel movements. At or about that time, Plaintiff requested a medical leave of absence.

8. Amazon approved Plaintiff's medical leave of absence, which started on June 9, 2021. Plaintiff's physician requested an extension of his leave multiple times, and each time Amazon agreed to extend his leave. Finally, on October 15, 2021, Plaintiff received the go-ahead to return to work from his physician, but with restrictions. According to his physician, Plaintiff had to be positioned near a restroom and be allowed to take his time while in the restroom (in order to ensure his bowels were emptied). Plaintiff communicated these requested accommodations to Amazon in or about October 2021.

9. In an act of bad faith, Amazon did not return Plaintiff to work immediately. Rather, Amazon spent the next four months deliberating over Plaintiff's accommodation request. Meanwhile, Amazon extended Plaintiff's leave.

10. On February 14, 2022, Amazon finally granted Plaintiff's accommodation request, at least on paper. Specifically, Amazon committed to let Plaintiff continue in his current role, place him near a restroom, and allow him to be away from his workstation for up to 15 minutes, three times per shift.

11. On February 18, 2022, Plaintiff returned to work. He arrived to work at about 1:00 p.m. Upon arriving, he tried scanning his security clearance badge, but it did not work. He went to a nearby security guard to see what he could do to gain entrance to the facility. After waiting for about an hour, the security guard informed Plaintiff that someone from Amazon Human Resources would come assist him. About thirty minutes later, the Human Resources representative said she needed to activate Plaintiff's card, after which he would have to follow her through security.

12. The Human Resources representative took Plaintiff to a room, where an individual by the name of Mike joined them. Mike informed Plaintiff that he was from Loss Prevention. Mike questioned Plaintiff about whether Plaintiff ever took merchandize from Amazon. Plaintiff said he did not. Mike said there was proof that Plaintiff took merchandize from Amazon, specifically mentioning that Plaintiff had sold some Samsung watches on Facebook Marketplace. To disprove these allegations, Plaintiff showed Mike receipts for the watches. Plaintiff also informed Mike that he had placed the items for sale on Facebook Marketplace before he even began working for Amazon. Mike, despite Plaintiff's responses, remained firm in accusing Plaintiff of theft. At that point, Plaintiff expressed his desire to return to work, but Mike and the representative from Human Resources said he was not allowed to work. Plaintiff returned home and never worked for Amazon again.

13. On February 22, 2022, Amazon informed Plaintiff that its Loss Prevention team had confirmed that Plaintiff was selling stolen items "on sites such as Facebook and OfferUp." Amazon terminated Plaintiff's employment on February 25, 2022. Thus, despite granting Plaintiff's accommodation requests, Amazon never allowed Plaintiff to resume his work.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On June 14, 2022, Plaintiff filed a complaint of discrimination against Defendant Amazon with the California Department of Fair Employment and Housing obtained an immediate Notice of Case Closure and Right to Sue.

15. Plaintiff has fully complied with the administrative prerequisites to the filing of his claims.

16. At all relevant times herein mentioned, Plaintiff was an employee covered under California Government Code sections 12900 *et seq.*, and under the California Constitution.

17. At all relevant times herein mentioned, Defendants Amazon and Does 71 through 100, inclusive, were employers within the meaning of California Government Code sections 12900 *et seq.*, and under the California Constitution, and as such, were barred from participating in employment discrimination, harassment, or retaliation pursuant to California Government Code sections 12900 et seq., and under the California Constitution.

# FIRST CAUSE OF ACTION

## Disability Discrimination

### (Against Defendants Amazon and Does 71 through 100)

18. Plaintiff incorporates by reference the foregoing information and allegations as though fully set forth herein.

19. The conduct of Defendants Amazon and Does 71 through 100 (hereinafter collectively "Employers") as described in this complaint constitutes discrimination on the basis that Plaintiff was disabled (disability discrimination).

20. The California Fair Employment and Housing Act (FEHA) prohibits employment discrimination on the basis of a physical disability. (Gov. Code, § 12940, subd. (a).)

21. Plaintiff is "disabled" under FEHA, since he suffers from fecal incontinence. Under FEHA, a person is "physically disabled" when he or she has a physiological condition that "limits a major life activity." (Govt. Code, § 12926, subd. (k)(1)(B), italics added.) "[A] qualifying disease or condition 'limits a major life activity if it makes the achievement' of the activity 'difficult.' [Citation.]" (*Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1027, fn. omitted.)  Fecal incontinence is a disability that limits an individual's ability to participate in major activities.  (*DesRosiers v. Hartford* (E.D. Cal. 2013) 979 F.Supp.2d 1036, 1049.)

22. Employers were aware that Plaintiff was disabled and regarded him as such, as evidenced by their agreement to provide accommodations so he could return to work.

23. Plaintiff was able to perform the essential duties of his job, since his physician cleared him to work with restrictions, each of which Employers approved.

24. Plaintiff was subjected to adverse employment actions when Employers failed to timely put him back to work and ultimately terminated his employment.

25. Plaintiff's disability was a motivating factor in Employers' termination of Plaintiff's employment.  Thus, Employers discriminated against Plaintiff because of his disability in violation of Government Code section 12940, subdivision (a).

26. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the DFEH.  The DFEH issued to Plaintiff a right-to-sue letter permitting him

to file a private lawsuit against Defendant Amazon.

27. As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits and other pecuniary loss in an amount according to proof at the time of trial, including without limitation:

    a. Loss of salary and other valuable employment benefits;

    b. Prejudgment interest and interest on the sum of damages at the legal rate; and

    c. Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Employers.

28. As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all of this damage in an amount according to proof at the time of trial.

29. In doing the acts alleged herein, Employers, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages, under FEHA, in an amount according to proof at the time of trial.

30. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

31. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

**Failure to Provide Reasonable Accommodation**

**(Against Defendants Amazon and Does 71 through 100)**

32. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

33. Under the FEHA, an employer that is aware of an employee who has a disability has an affirmative duty to make reasonable accommodations for that disability. (Gov. Code, § 12940, subd. (m).)

34. Under the FEHA, a finite leave of absence can be a form of a reasonable accommodation. However, a finite leave is not a reasonable accommodation when the leave directly leads to the termination of the employee's employment.

35. Here, Employers did not reasonably accommodate Plaintiff's disability, because, although Employers granted Plaintiff a finite leave of absence, Employers terminated Plaintiff's employment immediately upon his return to work.

36. As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits and other pecuniary loss in an amount according to proof at the time of trial, including without limitation:

   a. Loss of salary and other valuable employment benefits;

   b. Prejudgment interest and interest on the sum of damages at the legal rate; and

   c. Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Employers.

37. As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all of this damage in an amount according to proof at the time of trial.

38. In doing the acts alleged herein, Employers, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages, under FEHA, in an amount according to proof at the time of trial.

39. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an

award of attorneys' fees and costs.

40. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

### THIRD CAUSE OF ACTION

### Failure to Prevent Discrimination

### (Against Defendants Amazon and Does 71 through 100)

41. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

42. California law requires employers to "take all reasonable steps necessary to prevent" and correct wrongful behavior, including but not limited to, discriminatory behavior in the workplace. (Gov. Code, §12940, subd. (k).)

43. During the course of Plaintiff's employment, Employers failed to prevent discrimination against Plaintiff in the workplace. Employers were aware of actions taken with regards to Plaintiff, such as that he took a disability leave and was terminated before being allowed to return to work, and yet Employers did not take immediate or corrective action to prevent discrimination against Plaintiff. Thus, as alleged herein, Employers violated California law by failing to take all reasonable steps necessary to prevent discrimination. (Gov. Code, § 12940, subd. (k).)

44. As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits and other pecuniary loss in an amount according to proof at the time of trial, including without limitation:

   a. Loss of salary and other valuable employment benefits;
   b. Prejudgment interest and interest on the sum of damages at the legal rate; and
   c. Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Employers.

45. As a direct and proximate result of the wrongful conduct of Employers, and each of

them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all of this damage in an amount according to proof at the time of trial.

46. In doing the acts alleged herein, Employers, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages, under FEHA, in an amount according to proof at the time of trial.

47. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

48. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## FOURTH CAUSE OF ACTION

**Failure to Engage in Good-Faith Interactive Process**

**(Against Defendants Amazon and Does 71 through 100)**

49. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

50. It is unlawful under the FEHA for an employer to fail to engage in a timely, good-faith, interactive process with the employee to determine effective reasonable accommodations for an employee with a known disability. (Gov. Code, §§ 12940, subd. (n), 12926.1, subd. (e).)

51. Under the FEHA, employers who are aware that an employee has a disability have an affirmative duty to engage in the interactive process to identify and provide reasonable accommodations for such disability. The duty arises even if the employee has not requested reasonable accommodation. In particular, employers are obligated to initiate a timely, good-faith interactive process to accommodate an employee's disability when the employer has become aware of the possible need for an accommodation because the employee's health care provider indicates that further accommodation is still necessary for recuperative leave or other

accommodation for the employee to perform the essential functions of the job.  (Cal. Code Regs., tit. 2, § 11069, subd. (b).)

52. The FEHA requires a timely, good-faith, interactive process between an employer and an employee with a known disability, which includes the exchange of essential information "without delay or obstruction of the process." (Cal. Code Regs., tit. 2, § 11069, subd. (a).)

53. As part of a timely, good-faith interactive process, an employer "shall analyze the particular job involved and the essential functions of the job."  (Cal. Code Regs., tit. 2, § 11069, subd. (c)(5).) An employer "shall identify potential accommodations and assess the effectiveness each would have in enabling the applicant to have an equal opportunity to … perform the essential function of the position held." (Cal. Code Regs., tit. 2, § 11069, subd. (c)(7).) An employer "shall either grant the applicant or employee's requested accommodation, or reject it after due consideration, and initiate discussion with the applicant or employee regarding alternative accommodations."  (Cal. Code Regs., tit. 2, § 11069, subd. (c)(1).)

54. Employers knew that Plaintiff was suffering from a disability covered under the FEHA.

55. As alleged above, Employers failed to engage in the interactive process with Plaintiff in a good-faith and timely manner.  Plaintiff requested accommodations and yet Employers took over four months to consider his request.  Finally, Employers accepted Plaintiff's proposed accommodations only to terminate Plaintiff's employment the day he returned to work, despite the fact that Plaintiff had proof of his innocence.  These actions by Employers were neither timely nor taken in good faith.  Rather, Employers were determined all along to terminate Plaintiff's employment because he was disabled, and Employers had no intent to actually participate in the interactive process in good faith.

56. Employers' conduct violated the FEHA's requirement to engage in a timely, good faith interactive process in response to Plaintiff's request for reasonable accommodations.  (Gov. Code, § 12940, subd. (n).)

57. As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other

employment benefits and other pecuniary loss in an amount according to proof at the time of trial, including without limitation:

      a.    Loss of salary and other valuable employment benefits;

      b.    Prejudgment interest and interest on the sum of damages at the legal rate; and

      c.    Other consequential damages, including damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of Employers.

58. As a direct and proximate result of the wrongful conduct of Employers, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all of this damage in an amount according to proof at the time of trial.

59. In doing the acts alleged herein, Employers, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages, under FEHA, in an amount according to proof at the time of trial.

60. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

61. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against Defendants Amazon and Does 71 through 100)**

62. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

63. Under California law, it is unlawful for an employer to terminate an employee in violation of a fundamental public policy of the United States of America and/or the State of California.

64. As alleged herein, Employers' decision to terminate Plaintiff was substantially motivated by Plaintiff's protected status in blatant violation of the public policy protections set forth in the FEHA and California Constitution. Plaintiff is informed and believes that Employer's managing agents made the decision to terminate Plaintiff and that Employers ratified their decision.

65. As a direct and proximate result of the violation of Plaintiff's rights under California law, Plaintiff has sustained and continues to sustain substantial losses of earnings and employment benefits.

66. As a proximate result of the violation of Plaintiff's right under California law, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

67. Employers committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to punitive damages from Defendants in an amount according to proof.

68. Plaintiff prays for reasonable costs and attorney fees against said defendants, as allowed by applicable statutes, including but not limited to Civil Code § 1021.5 for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

## SIXTH CAUSE OF ACTION

### Defamation

**(Against Defendants Amazon and Does 1 through 100)**

69. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

70. Defendants Amazon and Does 1 through 100, inclusive, intentionally caused excessive and unsolicited internal and external publications and republications of defamation, of and concerning Plaintiff, to third persons and to the community.   These false and defamatory factual statements expressed and implied that Plaintiff was dishonest and had committed theft.

71. By way of the above complained-of publications and republications, Defendants Amazon and Does 1 through 100, inclusive published statements with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants Amazon and Does and Does 1 through 100, inclusive, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation.

72. These and other similar false statements expressly and impliedly stated that Plaintiff had stolen goods from Amazon, sold them, and lied about it.

73. The statements made by Defendants Amazon and Does 1 through 100, inclusive were in fact false and defamatory, and were made in response to and in retaliation for Plaintiff's requests for accommodation and his status as a disabled person.

74. The precise date of all publications are not known to Plaintiff, but include though are not limited to allegations made against Plaintiff upon his return to work from his leave, at the point when Defendants Amazon and Does 1 through 100 accused Plaintiff of stealing goods from Amazon and selling them on Facebook Marketplace and OfferUp.

75. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial. While the precise dates of these publications are not known to Plaintiff, he is informed and believes the publications were for the improper purpose of retaliating against Plaintiff for his exercise of lawful conduct (requesting accommodations) and status as a disabled person, and were later published and foreseeably republished to first cause, and then justify, the wrongful and illegal termination of Plaintiff's employment.

76. These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants Amazon and Does 1 through 100, inclusive, and each of them. Plaintiff is informed and believes that the reckless, and intentional publications by Defendants Amazon and Does 1 through 100, inclusive, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees,

1 recipients, in the community.  Plaintiff hereby seeks damages for these publications and all
2 foreseeable republications discovered up to the time of trial.

3       77.    Plaintiff is informed, believes and fears that these false and defamatory statements
4 will continue to be published by Defendants Amazon and Does 1 through 100, inclusive, and each
5 of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury
6 to Plaintiff's business, professional, and personal reputations.  Plaintiff also seeks redress in this
7 action for all foreseeable republications, including his own compelled self-publication of these
8 defamatory statements.

9       78.    The defamatory meaning of all of the above-described false and defamatory
10 statements and their reference to Plaintiff, were understood by these above-referenced third person
11 recipients and other members of the community who are known to Defendants Amazon and Does
12 1 through 100, inclusive, and each of them, but unknown to Plaintiff at this time.

13       79.    None of the defamatory publications against Plaintiff referenced above are true.

14       80.    The above defamatory statements were understood as assertions of fact, and not as
15 opinion.  Plaintiff is informed and believes this defamation will continue to be negligently,
16 recklessly, and intentionally published and foreseeably republished by Defendants Amazon and
17 Does 1 through 100, inclusive, and each of them, and foreseeably republished by recipients of the
18 publications, thereby causing additional injury and damages for which Plaintiff seeks redress by
19 this action.

20       81.    As a direct and proximate result of the acts of Defendants Amazon and Does 1
21 through 100, inclusive, and each of them, Plaintiff has suffered and will continue to suffer severe
22 mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches,
23 humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical
24 expenses and other incidental expenses; suffer loss of earnings and other employment benefits and
25 job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in an amount
26 according to proof at trial.

27       82.    Each of these publications by Defendants Amazon and Does 1 through 100,
28 inclusive, and each of them, were made with knowledge that no investigation supported the

unsubstantiated and obviously false statements.  These acts of publication were known by Defendants Amazon and Does 1 through 100, inclusive, and each of them, to be negligent to such a degree as to be reckless.  In fact, not only did Defendants Amazon and Does 1 through 100, inclusive, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false.  Defendants Amazon and Does 1 through 100, inclusive, and each of them, excessively, negligently, needlessly and recklessly published these statements.

83. Defendants Amazon and Does 1 through 100, inclusive acted with malice, oppression, and fraud, with the wrongful intention of hurting Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against such defendants in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION

### Failure to Pay Wages

**(Against Defendants Amazon and Does 1 through 100)**

84. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

85. Plaintiff had an employment relationship with Defendants Amazon and Does 1 through 100, inclusive.

86. Defendants Amazon and Does 1 through 100, inclusive, were obligated to pay Plaintiff for all hours worked at a rate of pay no less than the legal minimum. (Cal. Code Regs., tit. 8, § 11050, subd. 4.)

87. Hours worked means "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." (Cal. Code Regs., tit. 8, § 11050, subd. 2(G).)

88. Defendants Amazon and Does 1 through 100, inclusive, failed to pay Plaintiff for all hours worked.  Specifically, Defendants Amazon and Does 1 through 100, inclusive, requested that Plaintiff return to work on February 18, 2022, at 1:00 p.m.  Plaintiff complied and arrived to

work at that time. Though Defendants Amazon and Does 1 through 100, inclusive, did not put Plaintiff to work on that date, he remained subject to their control until they finally let him leave the work premises. Defendants only compensated Plaintiff for part of the time he spent subject to their control on February 18, 2022. Given that the time Plaintiff spent extra hours on the work premises subject to the control of Defendants Amazon and Does 1 through 100, inclusive, Defendants Amazon and Does 1 through 100, inclusive, failed to pay Plaintiff at a rate of no less than the minimum wage for such time.

89. By not paying Plaintiff for all of his hours worked on February 18, 2022, Defendants Amazon and Does 1 through 100, inclusive, violated California's minimum wage laws. Pursuant to Labor Code section 1194, Plaintiff seeks unpaid wages in the amount of the minimum wage ($15 per hour) for the time he was subject to the control of Defendants Amazon and Does 1 through 100, inclusive, on February 18, 2022.

90. In addition to the unpaid minimum wages sought by Plaintiff, Plaintiff also seeks the following:

    a. Interest on all wages owed at the rate specified by Labor Code section 218.6;

    b. Attorney's fees and costs under Labor Code section 1194; and

    c. Liquidated damages equal to the unpaid minimum wages, plus interest thereon, pursuant to Labor Code section 1194.2.

## EIGHTH CAUSE OF ACTION

**Failure to Pay Final Wages at Termination**

**(Against Defendants Amazon and Does 1 through 100)**

91. Plaintiff incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

92. Plaintiff seeks a "waiting-time" penalty under Labor Code section 203. The penalty available under section 203 is for the willful nonpayment of wages at termination. (Lab. Code, § 203.)

93. All wages owed are due and payable on the day of an employee's termination. (Lab. Code, § 201.)

94. Defendants Amazon and Does 1 through 100, inclusive, did not pay Plaintiff all wages owed at the time of his termination, because they failed to pay him for all hours worked on February 18, 2022.

95. Plaintiff has been available and ready to receive wages owed to him.

96. Plaintiff has never refused to receive payment of the wages owed, nor has Plaintiff been absent from his regular places of residence.

97. The failure of Defendants Amazon and Does 1 through 100, inclusive, to pay Plaintiff wages due and owing Plaintiff, as indicated in prior paragraphs, was willful. Defendants Amazon and Does 1 through 100, inclusive, knew that Plaintiff was subject to their control during the time he spent on the work premises on February 18, 2022, yet Defendants Amazon and Does 1 through 100, inclusive, failed to pay him for such time as required by California law.

98. Defendants Amazon and Does 1 through 100, inclusive, have knowingly refused to pay any portion of the amount due and owing Plaintiff.

99. Defendants Amazon and Does 1 through 100, inclusive, cannot use ignorance of the law as an excuse. (*Hale v. Morgan* (1978) 22 Cal.3d 388, 396 ["It is an emphatic postulate of both civil and penal law that ignorance of a law is no excuse for a violation thereof."].) The penalty under section 203 is equivalent to 30 days of wages. (Lab. Code, § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 492-493.)

100. Plaintiff seeks a penalty under section 203 of at least $4,044.

101. Pursuant to Labor Code section 218.5, Plaintiff requests the Court to award his reasonable attorney's fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants Amazon and Does 1 through 100, and each of them, as follows:

1. For compensatory and special damages, including lost wages, loss of enjoyment of life, damages for mental and emotional distress, in an amount in excess of $1,000,000 to be

determined at the time of trial;

2. For punitive and exemplary damages against Defendants, and each of them, in an amount appropriate to punish and make an example of them, to be determined at the time of trial;

3. For injunctive relief;

4. For all wages owed under California law according to proof;

5. For liquidated damages under Labor Code section 1194.2 according to proof;

6. For prejudgment interest on all wages owed pursuant to Labor Code sections 218.6 and 1194 and Civil Code sections 3288 and 3291;

7. For prejudgment interest on all other amounts owed;

8. For attorney's fees and costs, including expert witness fees, pursuant to Labor Code sections 218.5 and 1194, Civil Code section 1021.5, and Government Code section 12965, subd. (b);

9. For waiting-time penalties under Labor Code section 203;

10. For costs of suit; and

11. For any other and further relief that the Court considers just and proper.

DATED: September 19, 2022     STRAUSS & STRAUSS, APC

By: ___*/s/ Michael A. Strauss*___
Michael A. Strauss, Esq.
*Attorneys Plaintiff David Barclay*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff David Barclay hereby demands a trial by jury on all issues triable to a jury in each and every cause of action of his Complaint.

DATED: September 19, 2022         STRAUSS & STRAUSS, APC

By:   */s/ Michael A. Strauss*
Michael A. Strauss, Esq.
*Attorneys Plaintiff David Barclay*